ORIGINAL

United States District Court
Southern District of Texas
FILED

JUL 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| Plaintiff | § § § | |
| v. | § | Civil Action No. B-03-214 |
| LEONEL MARTINEZ | § § § | |
| Defendants | § | |

## DEFENDANT LEONEL MARTINEZ MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Defendant Leonel Martinez files his Motion for Summary Judgment on Plaintiff's claims, and in support thereof would show as follows:

### 1- MOTION FOR SUMMARY JUDGMENT

2. Defendant is entitled to judgment on Plaintiff's claims for relief under 47 U.S.C. §§ 605, and all subparts thereof, in that the summary judgment evidence demonstrates that plaintiff is not an "aggrieved person" as defined by 47 U.S.C. § 605(d)(6). In particular, the summary judgment evidence establishes that Defendant has not interfered with Plaintiff's proprietary rights in its satellite programming by intercepting such communications in violation of law and that Defendant lacks the equipment necessary to do so.

3. Defendant is further entitled to judgment on plaintiff's claims for damages under 18 U.S.C. § 2520 in that the summary judgment evidence demonstrates that plaintiff is not a person whose wire, oral, or electronic communications have been intercepted, disclosed, or intentionally used in violation of 18 U.S.C. §§ 2511, 2512, or other provision of Title 18 U.S.C. Chapter 119. In particular, the summary judgment evidence establishes that

       Defendant has not intercepted, disclosed or intentionally used Plaintiff's satellite programming signals in violation of such statutes, and that Defendant lacks the equipment needed to do so.

4. Pleading further, and without waiver of the foregoing, Defendant is entitled to judgment on Plaintiff's claims for damages arising from alleged violations of 18 U.S.C. § 2512. Section 2512 provides solely for criminal penalties and does not give rise to any civil cause of action in favor of Plaintiff either by its own terms or in conjunction with 18 U.S.C. § 2520.

5. Defendant is further entitled to judgment on Plaintiff's claims for injunctive relief in that the summary judgment evidence demonstrates that Defendant has not unlawfully intercepted Plaintiff's satellite programming signals and that Defendant lacks the equipment necessary to do so. As such, Plaintiff has not suffered any past financial loss or damage as a result of any actions by Defendant, and further cannot demonstrate a threat of future losses or damages.

6. This Motion is based on Fed. R.Civ.P.56; on the attached party statements by Plaintiff; and on the arguments and authorities set forth in the following Brief in Support of Motion.

## 2 - BRIEF IN SUPPORT OF MOTION

### A - INTRODUCTION

7. Defendant is one of more that eight thousand persons nationwide who have been sued in federal district courts as a result of Plaintiff's management and security lapses. This particular civil action has been instituted on grounds that Plaintiff has allegedly obtained records showing that Defendant was shipped a "Netsignia 210 Programmer" and a "Scorpion Wildthing II Unlooper." Complaint at paragraph 20, Plaintiff does not appear

to have performed any other investigation prior to filing this civil action, as their allegations are each based on "information and belief."

8. The basis for Defendant's Motion is very straightforward. At this time he does not possess the device as alleged by Plaintiff. He does not now nor at the time alleged by the Plaintiff possess the computer equipment necessary to circumvent Plaintiff's encryption system, nor does he now, or during the time stated in Plaintiff's Original Complaint at paragraph 20, possess the specialized knowledge necessary to illegally intercepted or attempted to intercept Plaintiff's satellite programming. He has never illegally intercepted or attempted to intercept Plaintiff's satellite programming. As such, Plaintiff's claims must fail as a matter of law.

### B - SUMMARY JUDGMENT STANDARD

9. The purpose of summary judgement procedure is to pierce the pleadings in an effort to assess whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That is, the summary judgement procedure is designed to isolate and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). To be entitled to summary judgement, the movant must either: (1) prove there is no genuine issue about any material fact and that it is entitled to judgment as a matter of law; or (2) show that there is an absence of evidence to support the non-moving party's case. Fed.R.Civ.P.R. 56( c); *See also, Celotex*, 477 U.S. at 325.

10. Although the Court must view the evidence and inferences in the light most favorable to the non-movant, a non-movant plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations in a complaint or unsubstantiated assertions. *Reese v. Anderson*, 926 F.2D 494, 498 (5th Cir. 1991). Instead, the non-movant must "identify specific evidence in the record and articulate the precise manner in which the evidence

support [s] [his] claim." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert.den'd, Forsyth v. Vines,* 513 U.S. 871 (1994). As noted in *Anderson v. Liberty Lobby, Inc.* "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff, "477 U.S. 242, 252 (9186).

### C - THE SUMMARY JUDGMENT EVIDENCE

11. Paragraph 20 of Plaintiff's Complaint alleges that Defendant received a "Netsignia 210 Programmer" and a "Scorpion Wildthing II Unlooper" and sues on that basis. As an initial matter, this device is not itself capable of illegally intercepting or decrypting Plaintiff's satellite programming signals. A programmer is a device that programs a "dead" smart card for many purposes. An unlooper is a nickname for a Universal Smart Card Terminal which has the ability to remove software loops. Possession and purchases of unloopers are not unlawful. SD Logic is one such company which uses unlooper devices for developments of Microsoft Windows.

12. The Court need to delve into the technical minutiae of the alleged "pirate access device," however, since the summary judgment evidence demonstrates that Defendant has not illegally intercepted Plaintiff's signals. In particular:

    - Defendant does not now possess the devices
    - Defendant does not now nor at the time alleged by the Plaintiff know how to illegally intercepted or attempted to intercept Plaintiff's satellite programming
    - Defendant has never used such any device illegally to intercept Plaintiff's signals
    - Defendant has never allowed another person to use any device illegally to intercept Plaintiff's signals on his behalf.

Since Plaintiff cannot show any injury in this case its claims must therefore fail.

### D - 47 U.S.C. § 605

13. The first claim appearing in Plaintiff's Original Complaint contends that damages may be awarded pursuant to 47 U.S.C. § 605. Complaint at paragraphs 24 - 29. To recover under any provision of § 605, however, Plaintiff must first demonstrate that it is a "person aggrieved" as defined by 47 U.S.C. § 605(d)(6):

"[T]he term "any person aggrieved" shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming, and, in the case of a violation of paragraph (4) of subsection (e) of this section, shall also include any person engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive satellite cable programming."

14. The statue clearly requires that Plaintiff demonstrate the interception of a communication to be entitled to relief. As discussed in the preceding subsection C of this brief, the summary judgment evidence establishes that Defendant did not illegally intercept Plaintiff's satellite programming signals, nor has discovery shown any illegal interception of Plaintiff's satellite programming signals. Plaintiff therefore cannot be a "person aggrieved" under 47 U.S.C. § 605 and is not entitled to relief under the statute.

### E - 18 U.S.C. § 2511

15. Analysis of Plaintiff's second claim under 18 U.S.C. § 2511 is essentially the same as for the claims asserted under 47 U.S.C. § 605. The civil remedies for violations of § 2511 appear at 18 U.S.C. § 2520.

"(a) In General - Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

16. Again, Plaintiff's entitlement to relief requires a showing that its electronic communications have been "intercepted, disclosed, or intentionally used" in an illegal manner. Ths summary judgment evidence established that such conduct did not occur and could not have occurred, nor has discovery shown any illegal interception of Plaintiff's satellite programming signals.

F - 18 U.S.C. § 2512

17. Analysis of Plaintiff's claims under 18 U.S.C. § 2512 is in, the first instance, precisely the same as for the claims under §605 and §2511. Defendant would also show that no private cause of action for mere possession of an allegedly illegal device exists in favor of Plaintiff by virtue of § 2512.

18. The plain language of the statutes demonstrates that Plaintiff cannot recover under 18 U.S.C. § 2512 in the absence of a showing of actual theft of its signal. The statue does set forth criminal sanctions for the possession of certain types of devices, but does not speak to any form of civil remedy. *Flowers v. Tandy Corp.*, 73 F.2d 585 (4th Cir. 1985); *AGES Group, L.P. v. Raytheon Aircraft Co.*, 22 F. Supp. 2d. 1310, 1315 (M.D. Ala. 1998).

19. To the extent Plaintiff can recover under Chapter 119 it must do so through 18 U.S.C. § 2520. Section 2520(a) provides a civil remedy only for "[a] person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." As discussed above, the summary judgment evidence demonstrates that Plaintiff's communications have not been and could not have been improperly appropriated by Defendant, nor has discovery shown any illegal interception of Plaintiff's satellite programming signals.

20. Plaintiff is further not entitled to any relief by reason of 18 U.S.C. § 2512 since it has

produced no evidence that the device at issue is in any way illegal. Plaintiff's admissions do however, demonstrate their abusive and unreasonable means of determining when an electronic device is a "pirate access device." According to DirecTV, the nature of the device is determined by the location where it was purchased. However, it is the cost of the devices or its parts which make the purchase more favorable from one website over another or than physical or local technology stores.

21. It is clear that Plaintiff cannot credibly argue that a "programmer" or a "bootloader" is, *per se,* primarily designed for illegal uses. Plaintiff would instead have the Court believe that the source of the device is relevant when determining whether it is a "pirate access device." This position defies logic since the actual devices would be indistinguishable. Defendant urges that § 2512 is addressed to the physical characteristics of the device, not the motivation of the buyer or the seller presumed by Plaintiff.

## G - STATE LAW CLAIMS

22. Plaintiff's state law claims of civil conversion and unlawful interception of communications also fail for the same reason as Plaintiff's federal claims. The summary judgment evidence demonstrates that Defendant has not intercepted or attempted to intercept the satellite programming at issue, or to have another person do so on his behalf. He must, therefore, also lack the ability to convert Plaintiff's programming to his own use. The conclusory allegations in Plaintiff's Complaint are insufficient to raise a material issue of fact as to these claims.

## 3 - SUMMARY

23. It is DirecTV's mismanagement of security issues that has led to this lawsuit, shown by their argument based on "information and belief." It is clear that Plaintiff is suffering significant revenue losses as a result of it security decisions. Defendant does not in any

      way contend that these shortcomings would in any way justify the theft of Plaintiff's programming. Conversely, however, Plaintiff's inability to secure its systems in no way justifies the filing of a federal lawsuit based merely on a third party's unverified shipping records os a device that has not been shown to be illegal.

24. The death of evidence supporting Plaintiff's case begs the question whether this suit and others like it genuinely seek justice, or whether they are a cynical attempt to use the federal courts as a salvage operation. Defendant asks that this litigation be summarily dismissed for the reasons set forth above.

25. Lastly, in October 24, 2003, Judge Sim Lake for the U.S. District Court Southern District of Texas, granted Summary Judgment in favor of Defendant on all claims in its Complaint. *DirecTV v. Winston Bush*, Case No.: H-03-1765, Southern District of Texas, Houston Division. Judge Lake, in his Memorandum and Order in Civil Action No.: H-03-1765, states that mere allegations of illegal interception or attempted interception of Plaintiff's satellite signals is insufficient and mere proof of possession of such devices capable of such interception is also insufficient. Further, Plaintiff must provide evidence that it is an "aggrieved person" as defined by 47 U.S.C. § 605 (d)(6). Here, Plaintiff asserts that Defendant purchased such equipment which is capable of illegal interception, however, Plaintiff has no proof, other than its "information and belief" that Defendant actually intercepted or attempted to intercept Plaintiff's satellite signals.

4 - PRAYER FOR RELIEF

25. Wherefore, Defendant Leonel Martinez that upon consideration of this Motion that the Court enter its judgment that Plaintiff DirecTV take nothing by this civil action, that said Defendant be fully and finally discharged without liability to Plaintiff, and that said Defendant have judgment for his costs incurred herein and for such other an further relief

to which he may be justly entitled.

                                                   Respectfully submitted:

                                                   LAW OFFICES OF
                                                   GARCIA, QUINTANILLA & PALACIOS
                                                   5526 North 10th Street
                                                   McAllen, Texas 78504
                                                   Tel. (956) 682-9477
                                                   Fax:(956) 682-0223

                                                 _____
                                                 JUAN "SONNY" PALACIOS, JR.
                                                 State Bar No. 24039100
                                                 Fed. Id 35162
                                                 ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy fo the preceding instrument was served to Lecia L. Cheny, on this _12th_ day of July, 2004 via facsimile:

Lecia L. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren St.
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

JUAN "SONNY" PALACIOS, JR.