IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. CIV. B-03-214 |
| | § | |
| LEONEL MARTINEZ | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT, LEONEL MARTINEZ, ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR INTERROGATORIES

**TO: DIRECTV, Inc.,, Plaintiff, by and through Plaintiff's attorney of record, LECIA L. CHANEY**

**NOW COMES** LEONEL MARTINEZ, Defendant, and responds to the Requests for Interrogatories propounded by DIRECTV, Inc., pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF
GARCIA, QUINTANILLA & PALACIOS
5526 N 10th Street
McAllen, Texas 78504
Tel. (956)682-9477
Fax. (956)682-0223

By: _____
JUAN "SONNY" PALACIOS, JR.
Texas Bar No. 24039100

Fed ID No. 35162
Attorney for Defendant
LEONEL MARTINEZ



EXHIBIT "F"

## CERTIFICATE OF SERVICE

I certify that on July 8, 2004, a true and correct copy of Defendant's Answers and Objections to Requests for Interrogatories was served by Certified Mail Return Receipt Requested on LECIA L. CHANEY at 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522.

JUAN "SONNY" PALACIOS, JR.

INTERROGATORY NO. 1:

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

ANSWER:   Leonel Martinez

INTERROGATORY NO. 2:

Identify the name, address, and telephone number of every person likely to have discoverable information relevant to disputed facts alleged in Plaintiff's complaint, identifying the subjects of the information.

ANSWER:   Nobody

INTERROGATORY NO. 3:

Identify the name, address, and qualifications of every expert whom you expect to testify on your behalf, and any consulting expert whose opinions, mental impressions, or work product was reviewed by a testifying expert. For each person named, provide the area in which you expert's testimony, the expert's mental impressions and opinions, and the facts known by the expert that relate to or form the basis of those mental impressions and opinions.

ANSWER:   Nobody

INTERROGATORY NO. 4:

Please state whether you have ever purchased a DIRECTV receiver and/or subscribed to DIRECTV services. (As a part of your answer, please relate the date of purchase, your DIRECTV account number, duration of subscription to DIRECTV, if you are currently a subscriber, and if no longer a subscriber, the date and reason for cancellation.)

ANSWER:   Currently a subscriber since January 2002.

INTERROGATORY NO. 5:

Identify fully your cable or satellite providers and account numbers since 1996 and if you ever received DIRECTV's programming, authorized or unauthorized, identify completely the manner in which you came to access DIRECTV programming and the exact dates of access and general DIRECTV programming packages obtained during each instance of such access.

ANSWER:   Cable- Time Warner
          Satellite- Dish Network
          Satellite-DirecTV- Current package- Basic

INTERROGATORY NO. 6:

Please list and describe in detail the circumstances related to your purchase and possession of the devices DIRECTV alleges you purchased in its Complaint (as part of your description please state how and when the order was placed, with whom the order was placed, the purchase price paid, the method of payment, the mode of shipment, and the delivery date):

ANSWER:   Don't remember.

INTERROGATORY NO. 7:

Identify all numbers and other identifying marks on any Access Cards that were at any time in your possession or the possession of someone residing at your residence and, if the Access Cards are no longer in your possession, identify fully how you or the individual residing in your residence disposed of the Access Cards, identify any price or services paid for such disposition, and the individual to whom such disposition was made.

ANSWER:   Don't remember.

INTERROGATORY NO. 8:

Please list all checking and savings accounts, debit accounts, credit cards, online payment services accounts, or other financial accounts which you used or could have utilized to purchase items over the internet during the past three calender years: (As part of your answer, please provide the name of the financial institution, the address of the financial institution, the telephone number of the financial institution, and the account number. For online payment services accounts, please provide the service name, your user or member name or identification, the service's home page address, and the financial account from which payments are made through said service.)

ANSWER:   1-Credit Card
          1-DC

INTERROGATORY NO. 9:

Please describe with technical specificity the purpose for which you purchased the devices DIRECTV alleges in its Complaint that you purchased and state how you ultimately used (or attempted to use) the devices to achieve the purpose for which they were purchased. (As part of your answer please state the names, addresses, and telephone numbers of all individuals who assisted you in your efforts to utilize each respective device).

ANSWER:   Not Applicable.

INTERROGATORY NO. 10:

Identify fully any and all Unauthorized Access Devices that were at any time in your possession or the possession of someone residing within your residence and for each device state:

    (a)    How any by whom such device(s) was/were obtained, including cost;
    (b)    The date the device(s) was/were obtained and disposed of;
    (c)    Whether or not the device(s) was/were attempted to be used or was/were successfully used to access DIRECTV programming; and
    (d)    The current location of the device(s).

ANSWER:    (a)    Programer Devise
                (b)    Don't remember
                (c)    Not Applicable
                (d)    Trash

INTERROGATORY NO. 11:

Please list all other devices (other than those listed in the allegations in the Complaint filed against you in this matter) that you have purchased from any source, which devices use, or facilitate the use of, smart card technology.

ANSWER:  No other devises have been purchased.

INTERROGATORY NO. 12:

Identify any individuals or entities from whom you obtained any part of a DIRECTV System listing specifically what item was obtained, the date it was obtained, the amount paid for such item, the individual or entity responsible for installing the System and the current location of such item.

ANSWER:  Not Applicable.

INTERROGATORY NO. 13:

Identify any Website you visited in relation to Unauthorized Access Devices or this lawsuit and for each such visit, state the approximate date and time, purpose of the visit, and any screen name(s) or identifications(s) used by you to access or post any information on the Website.

ANSWER:  Don't remember.

INTERROGATORY NO. 14:

Please list all computer software, hardware, peripheral devices, accessories, etc. you purchased or downloaded via the internet from any company or source within the last three(3) calender years, other than the devices previously listed in your responses to these interrogatories.

ANSWER:   Don't remember.

INTERROGATORY NO. 15:

Please describe with specificity your technical background, including any formal or informal training, certifications, or other experience and information relevant to defining your level of computer expertise and proficiency in smart card technology: (As part of your answer, please provide relevant dates of certificate and educational achievements and training.)

ANSWER:   No formal training or certification in computer technology.

INTERROGATORY NO. 16:

Identify any and all internet service providers providing service to your residence since 1996.

ANSWER:   AOL, DirecTV, CBC and Rio Plex Wireless.

INTERROGATORY NO. 17:

For the last three (3) calender years, please state the following:

    a.   Each and every address at which you either resided or received mail delivery of any kind.

    b.   The telephone number for each and every telephone account opened in your name or for which you paid for the use, including residential telephone, cellular telephones and business telephones.

    c.   The names address of each anc every internet service provider with whom you or any member of your household have an active account or with whom you or any member of your household maintained an active email address during the stated time period, as well as a complete listing of all email addresses and screen names you or any member of your household have utilized during the stated time period.

    d.   List any computer or computer system that you or any person residing with you at the addresses listed above possessed during this time period including the make, model, memory size, processor used, design (i.e. laptop, desktop, etc.), the operating system or systems utilized, hardware accessories utilized, and a complete description of the uses you made of

each computer.

e. List the names, current addresses, telephone numbers and ages of all individuals who resided with you at any of the addresses listed above during the above-stated time frame.

f. List the names, current addresses and telephone numbers of any companies or individuals that installed, maintained, repaired, upgraded or enhanced any cable television, satellite television, audio/video components or computer systems at any of the addresses listed above.

g. List the names, current addresses, telephone numbers and relation to you of all individuals who have visited you at any of the addresses listed above on three (3) or more occasions during the above-stated time frame.

ANSWER:
a) 16292 Mayfield Rd., Harlingen, Texas 78552
b) My House phone (956) 424-7193 my cell phone (956) 245-0916 Wife's cell phone (956)245-8514
c) AOL, DirecTV, CBC Yahoo, Rio Plex Wireless
d) Ceneric Computer, IBM compatible
e) Christina Martinez, Gabriel Martinez.
f) Don't remember
g) Roy Martinez, Pete Martinez, Lucia De La Rosa and Felix Cantu

INTERROGATORY NO. 18:

Identify the make and model, receiver and serial numbers or other identifying marks for all receivers ever in your possession or in the possession of anyone within your residence and identify whether or not such receiver is currently in your possession and/or being used by you or someone at your residence, and if such receiver is no longer in your possession, identify fully how you disposed of the receiver, any price paid for such disposition, and to whom such disposition was made.

ANSWER: Unit # 1 Model # GAEBOA  GA5DA2873C5
Unit # 2 Model # GAEBOA  GA5D6A2873B7
Unit # 3 Model # GAEBOA  GA5D6A2871FE

INTERROGATORY NO. 19:

Identify the amount of monthly expenses incurred and/or payments made by you related to television programming service, whether provided by cable or satellite systems, since 1998 and state with who or what entity those expenses were incurred or to who or what entity those payments were made.

ANSWER:   $ 60.00 month

INTERROGATORY NO. 20

Please list all sources of income, both claimed and unclaimed for tax purposes for the last three (3) calender years: (As part of your answer, please provide the name, business address, and a description of your relationship with any business entity which provided a source of income during this time frame. Alternatively, to answer this Interrogatory, you may attach copies of your federal income tax returns.)

ANSWER:    We make about $50,000.00 a year.

INTERROGATORY NO. 21:

Describe by category and location, all documents, data compilations, and tangible things in the possession, custody or control of Defendant that Defendant may use to support its claims or defenses, unless solely for impeachment.

ANSWER:    I do not have any.

INTERROGATORY NO. 22:

If you contend that some person other than you is responsible for the claims made by or damages to Plaintiff which are the subject of this lawsuit, please identify fully the responsible persons, their address and telephone number and the complete factual basis for such contention.

ANSWER:    None.

INTERROGATORY NO. 23:

If you contend that you purchased and/or used any Unauthorized Access Device for any legitimate or legal purpose, please identify fully the basis for that contention and identify the purpose.

ANSWER:    None.

INTERROGATORY NO. 24:

Describe fully any communications(s) you have had with any representative of DIRECTV, including for each, the name of the person(s) involved, the relative date of such communication, and the mode and subject of the communication.

ANSWER:    Defendant objects to this discovery request, as worded, on the following separate and independent grounds. Defendant objects to this Discovery requests as being overly broad and vague in that it fails to describe the information requested with reasonable particularity. Several on billing or to order service or interrupt of service.

INTERROGATORY NO. 25:

      Please state with particularity (in detail) the basis for your denial of any of the allegations set forth in the Complaint or of any Request for Admissions served upon you by DIRECTV to date.

ANSWER:    Defendant did at unlawfully intercept or assist any third person in the unlawful interception of plaintiffs communicating.

# VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
|  | § |
| COUNTY OF CAMERON | § |

     **BEFORE ME**, the undersigned authority on this day personally appeared, LEONEL MARTINEZ, who being first duly sworn, under oath, deposes and says the following:

     My name is LEONEL MARTINEZ, I have personal knowledge of all the facts recited in the foregoing Answers to Interrogatories, and said Answers to Interrogatories are true to the best of my knowledge and belief.

_____
LEONEL MARTINEZ

     SWORN TO AND SUBSCRIBED BEFORE ME by the said LEONEL MARTINEZ, on this the 8th day of July, 2004.

_____
Notary Public, State of Texas

Belinda Peacock
Printed Name of Notary

My Commission Expires: December 2, 2006

[Seal: BELINDA PEACOCK / MY COMMISSION EXPIRES / December 2, 2006]

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. CIV. B-03-214 |
| | § | |
| LEONEL MARTINEZ | § | |
| | § | |
| Defendants. | § | |

DEFENDANT, LEONEL MARTINEZ, RESPONSES TO
PLAINTIFF'S REQUEST FOR ADMISSIONS

**TO:   DIRECTV, Inc.,, Plaintiff, by and through Plaintiff's attorney of record, LECIA L. CHANEY**

**NOW COMES** MARK LEONEL MARTINEZ, Defendant, and responds to the Requests for Admissions propounded by DIRECTV, Inc., pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF
GARCIA, QUINTANILLA & PALACIOS
5526 N 10th Street
McAllen, Texas 78504
Tel. (956)682-9477
Fax. (956)682-0223

By: _____
JUAN "SONNY" PALACIOS, JR.
Texas Bar No. 24039100

Fed ID No. 35162
Attorney for Defendant
LEONEL MARTINEZ

## CERTIFICATE OF SERVICE

I certify that on July 8, 2004, a true and correct copy of Defendant's Response to Requests for Admissions was served by Certified Mail Return Receipt Requested on LECIA L. CHANEY at 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522.

_____
JUAN "SONNY" PALACIOS, JR.

REQUEST FOR ADMISSIONS NO. 1:   Admit that you are the same person as Leonel Martinez named in this lawsuit.

RESPONSE: ADMIT

REQUEST FOR ADMISSIONS NO. 2:   Admit that you are a resident of Harlingen, Texas.

RESPONSE: ADMIT

REQUEST FOR ADMISSIONS NO. 3:   Admit that you received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization from or payment to DIRECTV.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 4:   Admit that you knew or should have known that receiving and/or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization or payment to DIRECTV was illegal and prohibited.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 5:   Admit that on or about September 4, 2000, you ordered certain products from Computer Shanty.

RESPONSE: ADMIT

REQUEST FOR ADMISSIONS NO. 6:   Admit that your order from Computer Shanty on or about September 4, 2000 of one (1) Netsignia 210 Programmer and one (1) Scorpion Wildthing II Unlooper.

RESPONSE: ADMIT

REQUEST FOR ADMISSIONS NO. 7:   Admit that the product(s) you ordered from Computer Shanty on or about September 4, 2000 had the primary design for and purpose of facilitating the unauthorized interception of DIRECTV's encrypted signal.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 8:   Admit that you received the product(s) you ordered from Computer Shanty on or about September 4, 2000.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 9:   Admit that you ordered the one (1) Netsignia 210 Programmer and one (1) Scorpion Wildthing II Unlooper with the intent to use such device(s) to facilitate the unauthorized interception of DIRECTV's encrypted signal.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 10:   Admit that you used or attempted to use one or more of the devices you ordered from Computer Shanty on or about September 4, 2000 to facilitate the unauthorized interception of DIRECTV's encrypted signal.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 11:   Admit that you were successful in utilizing one or more of the devices you ordered from Computer Shanty on or about September 4, 2000 to facilitate the unauthorized interception on DIRECTV's encrypted signal.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 12:   Admit that you used a credit card to pay for your orders from Computer Shanty on or about September 4, 2000.

RESPONSE: ADMIT

REQUEST FOR ADMISSIONS NO. 13:   Admit that the device(s) you ordered from Computer Shanty on or about September 4, 2000 were delivered to you "C.O.D." (cash on delivery) and that upon C.O.D. delivery, you paid for said devices.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 14:   Admit that at the time you purchased the device(s) you ordered from Computer Shanty on or about September 4, 2000, you knew or should have known that such device(s) had the primary design for the purpose of unauthorized interception of DIRECTV's encrypted signal.

RESPONSE: DENY

REQUEST FOR ADMISSIONS NO. 15:   Admit that you knew or should have known that the manufacture, assembly, distribution, sale and/or possession of the device(s) you purchased from Computer Shanty on or about September 4, 2000 was illegal and prohibited.

RESPONSE: DENY