United States District Court
Southern District of Texas
ENTERED

NOV 0 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| Plaintiff, | § | |
| | § | CIV. ACTION NO. B-02-214 |
| v. | § | (636(c)) |
| | § | |
| LEONEL MARTINEZ, | § | |
| Defendant. | § | |

## ORDER

Now before the Court is Defendant Leonel Martinez's Motion for Summary Judgment (Docket Entry No. 14). Said motion is properly before this Court pursuant to the written consent of the parties and the District Court's order of transfer entered on April 23, 2004 (Docket Entry No. 7), in accordance with the provisions of 28 U.S.C. § 636(c). For the reasons set out in detail below, after careful consideration of the parties' written and submitted pleadings, the evidence, and the applicable law, Defendant Leonel Martinez's Motion for Summary Judgment is hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This suit concerns the alleged illegal interception of DIRECTV satellite television programming in violation of numerous federal and state laws. Viewed in the light most favorable to the non-moving party, as is appropriate at this stage, the relevant facts are set out below.

The series of events that gave rise to this suit began in February of 2000 when Defendant Leonel Martinez (hereinafter Defendant) purchased DIRECTV equipment while in Fort Worth, Texas. After acquiring the DIRECTV system, consisting of a satellite dish, a receiver, and an

access card, Defendant did not activate his DIRECTV account as is necessary in order to legally view DIRECTV programming. Plaintiff DIRECTV, Inc. (hereinafter Plaintiff or DIRECTV) asserts that Defendant instead managed to illegally access DIRECTV satellite programing by decrypting the electronically scrambled satellite transmissions sent out to authorized purchasers. Plaintiff claims that Defendant did this by using two devices, a Netsignia 210 Programmer and a Scorpion Wildthing II Unlooper, in conjunction with a home computer and an internet connection. A Netsignia 210 Programmer can be used to program a DIRECTV access card to receive satellite programming that the user has not paid for. A Scorpion Wildthing II Unlooper, on the other hand, enables a user to restore such illegally programmed access cards to working order after those cards have been disabled by electronic countermeasures used by DIRECTV to prevent the piracy of its programming.

Using his credit card and e-mail address, Defendant purchased the Netsignia 210 Programmer and Scorpion Wildthing II Unlooper over the Internet from a company doing business as "The Computer Shanty" in September of 2000. The items were subsequently shipped to Defendant's home address in Harlingen, Texas. In 2001 DIRECTV executed a writ of seizure at the residence of the owner and operator of "The Computer Shanty" with the assistance of law enforcement agents. As a result of that raid DIRECTV acquired a large quantity of sales records. DIRECTV later brought suit against many of the individuals identified in these records, including the Defendant, for illegally intercepting its programming.

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the record

2

discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *see also New Bremen Corp. v. Columbia Gas Transmission Corp.*, 913 F.Supp. 985, 989 (S.D. Tex. 1995). If the movant is a defendant, its burden is not to produce evidence showing the absence of a genuine issue of material fact. *See Celotex* at 323-28, 106 S.Ct. at 2553-54. Rather, a defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case. *Id.*, 477 U.S. at 323-24, 106 S.Ct. at 2553; *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir.1995); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir.1994).

If the movant satisfies this prima facie burden, the burden shifts to the non-movant, who must "set forth facts showing that there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Duffy*, 44 F.3d at 312. The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87, 106 S.Ct. at 1356. When the record taken as a whole cannot "lead a rational trier of fact to find for the non-moving party," there "is no genuine issue for trial." *Id.*

The standard for summary judgment "mirrors" the standard for a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. *Id.* at 250, 106 S.Ct. at 2511; *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552; *see also New Bremen Corp.*, 913 F.Supp. at 990. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587-88, 106 S.Ct. at 1356 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *National Ass'n of Gov't Employees*, 40 F.3d at 713; *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir.1994). Summary judgment is appropriate if "under the governing law, there can be but one reasonable conclusion as to the verdict;" if "reasonable minds could differ as to the import of the evidence," however, summary judgment should not be granted. *Anderson*, 477 U.S. at 250-51, 106 S.Ct. at 2511.

**B.   Defendant's Motion**

Defendant contends in his motion for summary judgment that he is entitled to judgment as a matter of law in regards to Plaintiff's claims under the Cable Communications Policy Act of 1984, specifically 47 U.S.C. § 605, and the Electronic Communications Policy Act, 18 U.S.C. §§ 2511, 2512 and 2520. Defendant also moves for summary judgment on Plaintiff's civil conversion claim as well as Plaintiff's unlawful interception claim under Capter 123 of the Tex. Civ. Prac. & Rem. Code. Each of these claims will be discussed below, in turn.

   i.   *Plaintiff's status as an aggrieved person under 47 U.S.C § 605*

Defendant asserts that he should be awarded summary judgement because Plaintiff is not

an "aggrieved person" for the purposes of 47 U.S.C. § 605. Section 605 states that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." *47 U.S.C. § 605(a) (2004)*. An aggrieved person under this statute is one who has "proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming". *47 U.S.C. § 605(d)(6) (2004)*.

According to the Defendant there is no direct evidence that he ever intercepted DIRECTV satellite programming and because of this Plaintiff cannot be an aggrieved person under § 605. He goes on to argue that Plaintiff's claims under § 605 fail as a matter of law due to this lack of evidence. Defendant's reliance on this theory is misplaced. DIRECTV is not required to produce direct evidence of the illegal interception of its satellite programming in order to survive summary judgment. Circumstantial evidence, from which a reasonable jury could determine that Defendant purchased equipment and used it to illegally intercept DIRECTV programming, is enough at this point in the proceedings. *DirecTV, Inc. v. Gemmell*, 317 F.Supp.2d 686, 693 (W.D. La. 2004); *DirecTV, Inc. v. Vanderhoek*, 302 F.Supp.2d 814, 818-19 (W.D. Mich. 2004). It is uncontested that Defendant purchased at least two DIRECTV systems without taking out subscriptions. (Docket No. 20, Exhibit C). Defendant has not explained what function such equipment would serve without a subscription other than to enable him to illegally intercept DIRECTV satellite transmissions. Furthermore, Plaintiff has brought forth business records from "The Computer Shanty" showing that two pirating devices, a Netsignia 210 Programmer and a Scorpion Wildthing II Unlooper, were purchased using Defendant's credit card and e-mail

5

address, then shipped to his home address. (Docket No. 20, Exhibit D). Although circumstantial, this is probative summary judgment evidence that raises a genuine fact issue with regard to plaintiff's illegal interception of DIRECTV satellite programming.

In analyzing cases such as this, evidence presented by non-movants is to be believed, and all justifiable inferences are to be drawn in the non-movants' favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. Given this deference to the non-movants' position and the disfavor with which summary judgment is viewed, the Court has determined that DIRECTV has succeeded in establishing that there are genuine issues for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. As such Defendant's motion for summary judgment in relation to claims brought under 47 U.S.C. § 605 shall be DENIED.

    *ii.*    *Plaintiff's claims under 18 U.S.C §§ 2511 and 2520*

According to 18 U.S.C. § 2511 a person is subject to criminal liability if he "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication". *18 U.S.C § 2511(a) (2004)*. The recovery of civil damages for violation of the above statute in regards to illegal interception, disclosure, or use of such communication is authorized by 18 U.S.C. 2520(a). *DirecTV, Inc. v. Hoverson*, 319 F.Supp.2d 735, 737 (N.D. Tex. 2004). Defendant again claims that Plaintiff has produced insufficient evidence to show that a reasonable person could infer that he intercepted DIRECTV programming in violation of § 2511. He reasserts his argument that Plaintiff's ability to survive summary judgment turns on the production of direct evidence that its electronic communications were intercepted in an illegal manner. This argument fails to gain merit, however, upon being proffered a second time. Plaintiff has presented sufficient evidence to

6

create a genuine fact issue. Accordingly, it is for the jury to decide whether Defendant did indeed violate § 2511. Defendant's motion for summary judgment in regards to 18 U.S.C. §§ 2511 and 2520 shall, therefore, also be DENIED.

     *iii.*    *Plaintiff's claims under Tex. Civ. Prac. & Rem. Code Chapter 123*

Section 123.002 of the Tex. Civ. Prac. & Rem. Code allows a party to a communication, such as a satellite television transmission, to sue under Texas law someone who illegally intercepts that communication. Defendant argues, as he did in respect to the previously discussed federal law claims, that there is no direct evidence of a violation of state law on which Plaintiff may base its claim to relief. Defendant's line of reasoning, rejected by the Court above, also fails in this instance. There is sufficient circumstantial evidence to give rise to a material issue of fact as to whether Defendant illegally intercepted DIRECTV transmissions in violation of Texas law. Accordingly, Defendant's motion for summary judgment as to Plaintiff's state law claim under Chapter 123 of the Tex. Civ. Prac. & Rem. Code shall be DENIED.

     *iv.*    *Plaintiff's claim for injunctive relief*

Defendant's argument for summary judgment in respect to Plaintiff's request for injunctive relief is essentially the same as those outlined above. Once again the Court finds that a material issue of fact as to whether Defendant illegally intercepted DIRECTV programming exists. There is also then a question of fact as to whether Plaintiff has suffered past financial harm because of Defendant's actions and as to whether there is a threat of future loss or damage. The Defendant's motion for summary judgment against Plaintiff's request for injunctive relief is therefore DENIED.

7

v.  *Plaintiff's conversion claim and 18 U.S.C. § 2512*

In its response to Defendant's motion for summary judgment Plaintiff announced its intention to voluntarily dismiss its claim for conversion and those claims arising from violations of 18 U.S.C. § 2512. (Docket No. 20 at 1). As such, Plaintiff does not address these claims in its response to Defendant's motion for summary judgment. Plaintiff apparently concedes that conversion generally applies only to tangible property interests and not intangible satellite television programming. *Pebble Beach Co. v. Tour 18 I*, 942 F.Supp 1513, 1569 (S.D. Tex. 1996) (holding that video taped footage of a golf course was intangible property). Furthermore recent Texas federal court cases have established that there is no private right of action for a violation of 18 U.S.C. § 2512 where a defendant has only possessed, manufactured, and/or assembled pirating devices. *DirecTV, Inc. v. Hoverson*, 319 F.Supp.2d 735, 737 (N.D. Tex. 2004). Given the state of the law and Plaintiff's failure to respond to these claims, Defendant's motion summary judgment as to Plaintiff's conversion claim and those claims arising from a violation of 18 U.S.C. § 2512 shall be GRANTED.

## CONCLUSION

For the aforementioned reasons, Defendant Leonel Martinez's Motion for Summary Judgment (Docket Entry No. 14) is hereby GRANTED IN PART and DENIED IN PART. Specifically, Defendant's motion is GRANTED as to Plaintiff's conversion and 18 U.S.C. § 2512 claims. Count three and five of Plaintiff's complaint (Docket No. 1), which put forth these claims, are therefore DISMISSED WITH PREJUDICE. Defendant's motion as to Plaintiff's claims for injunctive relief and those claims arising from violations of the Cable

Communications Policy Act of 1984, 47 U.S.C. § 605, the Electronic Communications Policy Act, 18 U.S.C. §§ 2511 and 2520, and Tex. Civ. Prac. & Rem. Code Chapter 123 are, however, DENIED.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this __28th__ day of October, 2004.

                                                  Felix Recio
                                         United States Magistrate Judge